UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:  Joan Hockman,        :    Bankruptcy 15-14921
                             :
         Debtor.             :    Chapter 13

CHAPTER 13 PLAN

The Debtor submits the following Chapter 13 Plan and makes the following declarations:

    I.    PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

The Debtor submits the following to the supervision and control of the Trustee:

    1.    Payment period:  Monthly

        Length of Plan:  36 months

        Amount Payable to Trustee for expenses  Statutory Allowances

        Amount to be paid to Barton Knochenmus, Esq.  $ 2,500.00

        Amount of Plan to Midland Mortgage  $ 15,810.00

        Total Amount of Secured & Priority Claims  $ 18,310.00

        Total Amount of Plan, including Trustee Charges  $ 19,689.00

        Amount of monthly payment in months 1-6[1]  $ 200.00

        Amount of monthly payment in months 7-36[2]  $ 617.00

    2.    Payor to be:  Debtor

    3.    Other property:  None

    II.    TREATMENT OF CLAIMS

    4.    Class One:  Debtor shall pay in full, in deferred cash payments, all allowed claims

---

[1] August 2015 through and including January 2016.

[2] February 2016 though and including July 2018.  Debtor's increased Plan payments beginning February 2016 will be feasible due to foreseeable increases in household income attributable to family financial assistance.

entitled to priority under 11 U.S.C. § 507, including:

    Trustee to receive:  Statutory Allowances

    Attorney's fees to be paid through the Plan:  $2,500.00

5.    Class Two: Claims filed and allowed which are secured by a lien which are not avoidable by the Debtor under 11 U.S.C. 522: Class two creditors will retain their liens until their allowed secured claims are paid in full, and shall be deemed to have accepted this Plan unless they timely object to the Plan.  Arrears owed to mortgage lender Midland Mortgage will be paid through the Plan and the current monthly mortgage payments will be paid outside the Plan.  Post-petition mortgage payments on Debtor's residential real estate shall be paid directly by Debtor to Midland Mortgage, 999 NW Grand Boulevard, Oklahoma City, Oklahoma 73118, or such other address as Midland Mortgage, or their successor-in-interest, shall direct.

6.    Allowed unsecured claims not otherwise referred to in the Plan shall be treated as follows:  Allowed unsecured claims are of one class and shall be paid pro rata, if any funds are available, from Plan payments.

    III.    OTHER PROVISIONS

7.    The following executory contracts and unexpired leases are rejected:  None.

8.    On the Chapter 13 Petition filing date, the following creditor(s) had a judicial lien upon exempt property of Debtor:  None.

9.    The value, as of the date of the filing of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

10.    The Debtor will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtor of the income and property the Debtor

proposes to use to complete this Plan. The Debtor is reasonably assured that said income and property is, and will continue to be, available to make the payments and complete the Plan.

11. This Plan complies with the provisions of Chapter 13 and all other applicable provisions of Title 11 of the United States Code. Any fee, charge, or amount required to be paid under Chapter 123 of Title 28 of the United States Code or required by the Plan to be paid before confirmation has or will be paid prior to confirmation. The Plan is proposed in good faith and is not in any respect forbidden by law.

12. In the absence of written objection filed with the Court and served upon Debtor's counsel and upon the Chapter 13 Trustee, and if applicable upon the U.S. Trustee, not less than five (5) court days prior to the date fixed for the Hearing on Confirmation, the Court may confirm this Chapter 13 Plan and accept the valuations and allegations asserted therein.

13. The following creditor is in the process of being avoided, their lien shall be null and void, and the debt declared unsecured and dischargeable: None.

    IV.    REVESTMENT OF THE PROPERTY IN DEBTOR

14. Property of the estate shall revest in Debtor upon Plan Confirmation.

    V.    RETENTION OF LIEN

15. Holders of allowed secured claims shall retain their liens until Debtor pays the allowed claim in full.

 /s/ Joan Hockman
Joan Hockman, Debtor

Dated: July 29, 2015

 /s/ Barton Knochenmus, Esq.
Barton Knochenmus, Esq.
Attorney for Debtor
1275 Glenlivet Drive Suite 100
Allentown PA 18106-3107
610-770-3575

Dated:   July 29, 2015